**ATLANTIC BEACH DRUG STORE, Inc. v. CAMPBELL, et al.**

No. 64-4184-E.

Circuit Court, Duval County.

November 25, 1964.

Lewis Ansbacher of Selber & Ansbacher, Jacksonville, for plaintiff.

A. Waldo Stockton of Stockton & Stockton, Jacksonville, for defendant Campbell.

Harold B. Wahl, and William S. Connolly, all of Jacksonville, for the defendant Southern Bell Tel. & Tel. Co.

FRANK H. ELMORE, Circuit Judge.

After due notice by or to all parties affected, or upon waiver of notice, a hearing was held before the court with respect to the matters disposed of by this order.

Counsel for the plaintiff and for the defendant Campbell having orally stipulated to the dismissal of the defendant Campbell, without prejudice, counsel for the defendant Southern Bell Tel. & Tel. Co. having been duly notified of this hearing and all counsel being present, the court finds—

(a) That the telephone company, without prejudice to its future position, intends to continue the service now and at the time of the institution of this action being rendered to the plaintiff and to the defendant Campbell, and

(b) Based upon the pleadings, evidence and applicable law that the telephone company is not at fault in this cause because it doees not appear that it was under any duty to police its advertisers' motives, or resolve disputes between an advertiser and a competitor, or furnish intercept service. See Williamson v. Answerphone and Southern Bell (Fla. DCA-1, 1960), 118 So. 2d at

44

page 252, and Union Carbide v. Weeks and Southern Bell (Dade County, Florida, Circuit Court, case no. 62-C-13242).

Upon consideration thereof, it is ordered—

(1) That this cause is dismissed as to the defendant Campbell, without prejudice.

(2) That this cause is dismissed as to the defendant Southern Bell Tel. & Tel. Co., with prejudice.